IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BUFFALO PATENTS, LLC,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**MOTOROLA MOBILITY LLC,**<br><br>        **Defendant.** | Case No.: 1:22-cv-00621 |

### REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on May 20, 2022 by telephone:

    - Zachariah S. Harrington, representing the Plaintiff Buffalo Patents, LLC
    - Rehan M. Safiullah, representing the Plaintiff Buffalo Patents, LLC

    - D. Clay Holloway, representing the Defendant Motorola Mobility LLC
    - Kathleen R. Geyer, representing the Defendant Motorola Mobility LLC

2. **Initial Disclosures.** The parties will complete by May 23, 2022 the initial disclosures required by Rule 26(a)(1).

3. **Disclosures and Discovery Pursuant to Local Patent Rules.** The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. **Additional Discovery Plan.** The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a) Subject to further agreement of the parties or an order of the Court, each side shall be permitted a maximum of:

    - <u>Plaintiff's Position</u>: 40 interrogatories

    - <u>Defendant's Position</u>: 30 interrogatories

    Answers to interrogatories shall be due within 30 days of service, absent agreement of the parties or an order of the court.

    (b) Subject to further agreement of the parties or an order of the Court, the parties each shall be permitted a maximum of 20 requests for admission, excluding

        requests for admission regarding the authentication of documents which is not limited. Answers to requests for admission shall be due within 30 days of service, absent agreement of the parties or an order of the court.

    (c)    Subject to further agreement of the parties or an order of the Court, each party shall be permitted to take up to a total of 45 hours of depositions, including depositions taken under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

    (d)    Subject to further agreement of the parties or an order of the Court, depositions shall be limited to 1 day of 7 hours examination time, not including breaks and discussions among counsel.

    (e)    Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

**5.**    **Alternative Discovery Plan.** The parties propose a discovery plan that differs from that provided in the Local Patent Rules, for the reasons described below:

    The parties propose the discovery schedule in Appendix A, which includes minor modifications from the deadlines specified in the Local Patent Rules to account for holidays.

**6.**    **Other Dates:**

    (a)    The parties agree that no modification of the timing provisions contained within Rule 26(e) is necessary with respect to supplementation in this case.

    (b)    The parties are scheduled to meet with the Court for Status Hearing on June 16, 2022, after the submission of the parties' planning report.

    (c)    The parties request that the Court set an appropriate pretrial conference in accordance with the Court's calendar.

    (d)    The parties agree to August 15, 2022, as the deadline for a party to bring a motion under Rule 15 to amend pleadings and/or join parties.

    (e)    The parties shall submit Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists no later than forty-five (45) days prior to trial.

    (f)    The parties will meet and confer over objections, if any, to witnesses, deposition designations, and exhibits, and to the extent any objections remain unresolved, the parties will file objections under Rule 26(a)(3) within twenty-one (21) days after such designations are made by the opposing party.

7.  **Other Items:**

    (a)  The parties have discussed potential settlement of this case but have been unable to reach an agreement at this time. The parties expect to continue those discussions as the case proceeds.

    (b)  If the parties are unsuccessful in achieving resolution by direct negotiation, they are willing to proceed to formal mediation, but do not think they have reached that point in their negotiations to date.

    (c)  Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

    (d)  In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

    (e)  The parties agree the video "The Patent Process: An Overview for Jurors" or any subsequent version of same distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

    (f)  The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 do not apply to all of the patents-in-suit in this case.

    (g)  Per Local Patent Rule 3.5(a), (1) each patent is eligible to be challenged at the USPTO by the defendant, (2) the form of that challenge may be *inter partes* review or *ex parte* reexamination, (3) the earliest date a petition for inter partes review can be made is now and the latest date a petition for *inter partes* review can be made by the defendant is February 4, 2023 for each of the patents-in-suit, and the earliest date a petition for ex parte reexamination can be made is now and the latest date a petition for *ex parte* reexamination can be made by the defendant is the end of the period of enforceability for each of the patents-in-suit, (4) the patents-in-suit have not been the subject of prior USPTO reviews, and (5) the prior litigation history of the patents-in-suit is as follows:

    U.S. Patent Nos. 7,187,670; 7,408,915; 8,611,328; 9,001,816 have previously been asserted against five defendants by Plaintiff Buffalo Patents, LLC in the Western District of Texas:
    - *Buffalo Patents, LLC v. Coolpad Group Ltd.*, 6:21-cv-1061
    - *Buffalo Patents, LLC v. HTC Corp.*, 6:21-cv-1062
    - *Buffalo Patents, LLC v. OnePlus Tech. (Shenzen) Co.* 6:21-cv-1063

- *Buffalo Patents, LLC v. TCL Tech. Group Corp.*, 6:21-cv-1064
- *Buffalo Patents, LLC v. ZTE Corp.*, 6:21-cv-1065

U.S. Patent No. 6,856,086 was not previously asserted in litigation before this case, but subsequently, it has been asserted against three defendants by Plaintiff Buffalo Patents, LLC in the Western District of Texas:
- *Buffalo Patents, LLC v. OnePlus Tech. (Shenzhen) Co.* 6:22-cv-421
- *Buffalo Patents, LLC v. TCL Tech. Group Corp.*, 6:22-cv-422
- *Buffalo Patents, LLC v. ZTE Corp.*, 6:22-cv-423

(h) The parties agree to follow the Northern District of Illinois Local Patent Rules for Electronically Stored Information available on this Court's website at https://www.ilnd.uscourts.gov/_assets/_documents/_rules/FINAL%20CLEAN%20Approved%20e%20discovery%20rules.pdf.

Consistent with the LPRs for ESI, absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

General Document Image Format: Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, in multipage PDF format, or in native format.

> i. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

> ii. PDF files shall be multipage and shall be named or prepended with a unique production number followed by the appropriate file extension. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

> iii. Native format files shall be named or prepended with a unique production number followed by the appropriate file extension.

Text-Searchable Documents: No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text searchable format independent of this litigation or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such

    documents shall be produced in the same text-searchable format at no cost to the receiving party.

    Native Files: A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

(i)     The parties expressly agree to service of documents in this case by email (or otherwise in electronic form) to all counsel of record.

(j)     The parties further agree that that the noticing party may elect to take a deposition by videoconference, telephone, or other remote means, rather than in person. An attorney defending such a deposition may appear in person or via videoconference, telephone, or other remote means, at his or her option, as may any other attorney that wishes to appear at that deposition.

Dated: June 2, 2022                              Respectfully submitted,

| /s/ Zachariah S. Harrington | /s/ Kathleen R. Geyer |
|---|---|
| Timothy J. Haller (*Local Counsel*) | Michael R. Weiner |
| HALLER LAW PLLC | Chelsea M. Murray |
| 230 E Delaware Pl, Ste 5E | Marshall, Gerstein & Borun LLP |
| Chicago, IL 60611 | 233 S. Wacker Dr., |
| Phone: (630) 336-4283 | Suite 6300 |
| haller@haller-iplaw.com | Chicago, IL 60606 |
| | T: 312.474.6300 |
| Matthew J. Antonelli (*Pro Hac Vice*) | E: mweiner@marshallip.com |
| Zachariah S. Harrington (*Pro Hac Vice*) | E: cmurray@marshallip.com |
| Larry D. Thompson, Jr. (*Pro Hac Vice*) | |
| Rehan M. Safiullah (*Pro Hac Vice*) | Steven D. Moore |
| ANTONELLI, HARRINGTON & THOMPSON LLP | Kilpatrick Townsend & Stockton LLP |
| | Two Embarcadero Center Suite 1900 |
| 4306 Yoakum Blvd, Ste 450 | San Francisco, CA USA 94111 |
| Houston, TX 77006 | E: smoore@kilpatricktownsend.com |
| Phone: (713) 581-3000 | |
| matt@ahtlawfirm.com | D. Clay Holloway |
| zac@ahtlawfirm.com | Michael T. Morlock |
| larry@ahtlawfirm.com | Courtney S. Dabbiere |
| rehan@ahtlawfirm.com | Kilpatrick Townsend & Stockton LLP |
| | 1100 Peachtree Street NE Suite 2800 |
| *Attorneys for Plaintiff* | Atlanta, GA USA 30309 |
| *Buffalo Patents, LLC* | E: cholloway@kilpatricktownsend.com |
| | E: mmorlock@kilpatricktownsend.com |

5

E: cdabbiere@kilpatricktownsend.com

Kathleen R. Geyer
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue Suite 3700
Seattle, WA USA 98101
E: kgeyer@kilpatricktownsend.com

*Counsel for Defendant
Motorola Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Zachariah S. Harrington*
Zachariah S. Harrington

US2008 20186821 1