# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BUFFALO PATENTS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 1:22-cv-00621 |
| MOTOROLA MOBILITY LLC, | ) ) Judge Charles P. Kocoras |
| Defendants. | ) ) ) ) |

**MOTOROLA MOBILITY LLC'S MOTION TO STAY PENDING RESOLUTION OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

**Pages**

I. Factual Summary ...................................................................................................................1

II. Legal Standard .....................................................................................................................3

III. This Litigation Should Be Stayed Pending Outcome of the Motion. ................................4

    A. Buffalo Will Not Be Prejudiced—Much Less Unduly Prejudiced—by a Stay. .......5

    B. Granting the Stay Will Simplify the Issues..............................................................6

    C. Granting the Stay Will Avoid Unneeded Burden on the Parties and Court............8

IV. Conclusion ..........................................................................................................................8

i

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*,
   No. SACV 09-0843 AG (MLGx), 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ..................... 4

*Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*,
   No. 08 C 2389, 2008 WL 4395854 (N.D. Ill. Sept. 25, 2008) ....................................................... 4

*BlackBerry Ltd. v. Facebook, Inc.*,
   No. 2:18-cv-01844-GW-(KSx), Dkt. 652 (C.D. Cal. Feb. 13, 2020) ......................................... 4

*Buffalo Pats., LLC v. Coolpad Grp. Ltd.*,
   No. 6:21-cv-01061 (W.D. Tex.) ............................................................................................... 2

*Buffalo Pats., LLC v. HTC Corp.*,
   No. 6:21-cv-01062 (W.D. Tex.) ............................................................................................... 2

*Buffalo Pats., LLC v. OnePlus Tech. Shenzhen Co., Ltd.*
   No. 6:21-cv-01063 (W.D. Tex.) ............................................................................................... 2

*Buffalo Pats., LLC v. TCL Tech. Group Corp.*,
   No. 6:21-cv-01064 (W.D. Tex.) ............................................................................................... 2

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 3

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ......................................................................................... 6

*ex rel. Sorensen Rsch. & Dev. Tr. v. Black & Decker Corp*,
   No. 06cv1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ............................ 5

*Fleury v. Union Pac. R.R. Co.*,
   No. 20 C 390, 2021 WL 2588752 (N.D. Ill. Jun. 23, 2021) ..................................................... 3

*Genzyme Corp. v. Cobrek Pharms., Inc.*,
   No. 10-cv-00112, 2011 WL 686807 (N.D. Ill. Feb. 17, 2011) ................................................. 3

*In re Body Sci. LLP Pat. Litig.*,
   No. 12-10536-FDS, 2012 WL 5449667 (D. Mass. Nov. 2, 2012) ........................................... 6

*Kove IO, Inc. v. Amazon Web Servs., Inc.*,
   No. 18 C 8175, 2022 WL 683666 (N.D. Ill. Mar. 8, 2022) .................................................. 7, 8

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
    No. 17 C 7216, 2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) ............................................. 4, 5

*PersonalWeb Techs., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..................................................................................... 5

*Putco, Inc. v. Carjamz Com Inc.*,
    No. 20-cv-50209, 2021 WL 4926499 (N.D. Ill. Mar. 2, 2021) ................................................ 4

*Stone v. I.N.S.*,
    514 U.S. 386 (1995) ................................................................................................................ 3

*Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*,
    No. 03 C 7822, 70 U.S.P.Q.2d 1319, 2004 WL 422697 (N.D. Ill. Mar. 3, 2004) .................... 3

*Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*,
    186 F. Supp. 3d 870 (N.D. Ill. 2016) .............................................................................. passim

*Uniloc USA, Inc. v. Exclusive Grp. LLC*,
    No. 1:17-cv-03962-SEB-MJD, 2018 WL 11229418 (S.D. Ind. Aug. 29, 2018) ...................... 5

*Zimmers v. Eaton Corp.*,
    No. 15-CV-2398, 2016 WL 1322343 (S.D. Ohio Apr. 5, 2016) ...................................... 4, 6, 8

**Statutes**

35 U.S.C. § 154(a)(2) ...................................................................................................................... 2

35 U.S.C. § 154(b)(1)(B) ................................................................................................................ 2

To simplify the issues and reduce the overall burden on the Court and the parties, this litigation should be stayed. Four of the five counts in Buffalo Patents LLC's ("Buffalo") Complaint are subject to Defendant Motorola Mobility LLC's ("Motorola") Motion for Partial Judgment on the Pleadings ("Motion"). D.I. 33. This litigation is in its infancy, and resolution of the Motion may dispense with 80% of the asserted patents and a majority of the accused products. Further, all five asserted patents are expired. Thus, even in the unlikely event that Buffalo could succeed on the merits, an injunction is not available, and no additional damages will accrue during the stay. Accordingly, Buffalo will suffer no prejudice, much less ***undue*** prejudice, by staying the litigation.

To conserve party and judicial resources and simplify the issue prior to discovery, Motorola requests that the Court stay this proceeding pending resolution of the Motion.

## I.     Factual Summary

Buffalo asserts five expired patents. The first four patents (the "VOIP Patents") are related, and, as detailed in the Motion, claim an abstract idea. D.I. 33 at 9. The claims of the VOIP Patents require nothing more than: (1) putting an audio file into a first data packet for Internet transmission; and (2) placing that first packet in a second packet for wireless transmission. *Id.* The claimed inventions are not novel and introduce no new inventive concept. What the patents claim is akin to sending a letter to a specific judge at the Courthouse by (1) placing the letter in an envelope addressed to that judge's Chambers, and (2) placing that envelope inside another envelope addressed to the Courthouse—this abstract concept is not patentable.

The fifth patent ("the Display Patent"), the subject of Count V, is directed to a display made up of "a front panel and a back panel with a light control material therebetween, wherein one of the panels had a rigid substrate and the other of the panels has a flexible substrate." D.I. 1-5, 22:30-33. As detailed in Motorola's Initial Invalidity Contentions, the claims of the Display Patent are

1

anticipated or obvious in view of multiple prior art references. Morlock Decl. Ex. A (Motorola's Initial Invalidity Contentions as to the '086 Patent).

All five of the asserted patents are expired as detailed in the table below.[1]

| Patent No. | Patent Family | Expiration Date |
|---|---|---|
| '670 Patent (D.I. 1-1) | VOIP Patent | June 28, 2022 |
| '915 Patent (D.I. 1-2) | VOIP Patent | September 3, 2021 |
| '328 Patent (D.I. 1-3) | VOIP Patent | September 3, 2021 |
| '816 Patent (D.I. 1-4) | VOIP Patent | September 3, 2021 |
| '086 Patent (D.I. 1-5) | Display Patent | March 29, 2022 |

Because all of the asserted patents are expired, Buffalo's relief is limited to damages occurring before the expiration dates shown above, and Buffalo cannot now seek injunctive relief. Further, despite the Display Patent and one of the VOIP Patents still having remaining term when Buffalo filed its complaint in February 2022, Buffalo never sought a preliminary injunction. D.I. 1. Interestingly, Buffalo has never sought a preliminary injunction in earlier cases filed against other defendants and dismissed many of those cases before seeking discovery. *See, e.g., Buffalo Pats., LLC v. Coolpad Grp. Ltd.*, No. 6:21-cv-01061, Dkt. 22 (W.D. Tex.) (dismissed before beginning fact discovery); *Buffalo Pats., LLC v. HTC Corp.*, No. 6:21-cv-01062, Dkt. 14 (W.D. Tex.) (same); *Buffalo Pats., LLC v. OnePlus Tech. Shenzhen Co., Ltd*. No. 6:21-cv-01063, Dkt. 34 (W.D. Tex.) (joint motion to stay case pending settlement, before fact discovery); *Buffalo Pats., LLC v. TCL Tech. Group Corp.*, No. 6:21-cv-01064, Dkt. 30 (W.D. Tex.) (same). This confirms that Buffalo seeks nothing more than money damages.

On June 17, 2022, the Court entered the parties' Amended Proposed Schedule which provides for the following relevant deadlines (D.I. 38):

---

[1] By statute, the term of a United States patent is twenty years from the earliest effective filing date of the application at issue. 35 U.S.C. § 154(a)(2). In some instances, delays by the Patent Office can result in the extension, or adjustment, of the twenty-year term. 35 U.S.C. § 154(b)(1)(B). This is accounted for in the recitation of expiration dates herein.

| Deadline | Item |
|---|---|
| Monday, October 31, 2022 | Final Infringement Contentions (LPR 3.1(a)(2)) |
| Monday, October 31, 2022 | Final Unenforceability and Invalidity Contentions (LPR 3.1(b)) & Document Production (LPR 3.3) |
| Thursday, January 19, 2023 | Opening Claim Construction Brief by Party Opposing Infringement (LPR 4.2(a)) |
| Wednesday, March 29, 2023 | *MARKMAN* HEARING (LPR 4.3) (**exact date to be determined based on Court's schedule*) |
| TBD: No earlier than May 2023 (*42 days after Claim Construction Ruling*) | Close of Fact Discovery (LPR 1.3) |
| TBD: No earlier than June 2023 (*28 days after Close of Fact Discovery*) | Initial Expert Witness Disclosures (LPR 5.1(b)) |

The Court has not set a date for the Final Pretrial Conference or for Trial. *See* D.I. 38.

## II. Legal Standard

This district recognizes that "Courts 'have inherent power to stay proceedings and to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Fleury v. Union Pac. R.R. Co.*, No. 20 C 390, 2021 WL 2588752, at *1 (N.D. Ill. Jun. 23, 2021) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995)). In granting a stay, the Court considers "whether a stay will (1) unduly prejudice or tactically disadvantage the non-moving party, (2) simplify the issues in question and streamline the trial, and (3) reduce the burden of litigation on the parties and on the court." *Genzyme Corp. v. Cobrek Pharms., Inc.*, No. 10-cv-00112, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011) (first citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988), and then citing *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 70 U.S.P.Q.2d 1319, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)); *see also Fleury*, 2021 WL 2588752, at *1.

Courts routinely grant motions to stay pending review of validity issues even when not all of the patents were, at the time of the motion stay, subject to a validity challenge. *See Trading*

3

*Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 872 n.1 (N.D. Ill. 2016); *Putco, Inc. v. Carjamz Com Inc.*, No. 20-cv-50209, 2021 WL 4926499, at *3 (N.D. Ill. Mar. 2, 2021) (granting stay even before the Patent Office decided whether the undertake the validity challenge); *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2-3 (N.D. Ill. Sept. 10, 2019); *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, at *6 (N.D. Ill. Sept. 25, 2008); *BlackBerry Ltd. v. Facebook, Inc.*, No. 2:18-cv-01844-GW-(KSx), Dkt. 652 (C.D. Cal. Feb. 13, 2020). Further, courts have granted similar motions to stay when a party has moved for judgment on the pleadings based on Section 101. *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *1-2 (S.D. Ohio Apr. 5, 2016).

### III. This Litigation Should Be Stayed Pending Outcome of the Motion.

Motorola's request for a stay is timely and requested so early in the litigation that it will have meaningful effect on the efficiency of the case. "Staying a case at an early juncture can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Trading Techs*, 186 F. Supp. 3d at 875 (citation omitted). The stage of litigation "weighs in favor of a stay when the case is in the early stages," for example, when "[n]o depositions have been taken, no expert discovery has been propounded, and no claim construction has taken place." *Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010). Here, fact discovery has only just begun, and expert discovery will not occur for almost a year at the earliest. A stay now while the Court assesses the Motion which will affect the scope of the potential discovery will not hinder the proceedings and, in fact, will assist the parties in focusing the dispute.

Indeed, even where the case has progressed further, a stay may still be appropriate to conserve party and judicial resources. In *Trading Techs*, the case had been pending for six years, had undergone numerous discovery disputes, had early summary judgment, and been appealed to

the Federal Circuit and the Court still found a stay warranted. *Trading Techs*, 186 F. Supp. 3d at 875-76. In *Trading Techs*, as is the case here, "the case still [had] significant discovery yet to be completed, claim construction has not occurred, and a trial date has yet to be set. In such cases, a stay is appropriate." *Id*. at 876 (footnote omitted).

### A. Buffalo Will Not Be Prejudiced—Much Less Unduly Prejudiced—by a Stay.

Buffalo will not suffer undue prejudice or a tactical disadvantage if this case is stayed. The only purported prejudice it may claim is simple delay of resolution while the Court decides the Motion. This is not sufficient. This Court "can discount '[t]he general prejudice of having to wait for resolution.'" *Medline Indus.*, 2019 WL 10948865, at *2-3 (alteration in original) (quoting *ex rel. Sorensen Rsch. & Dev. Tr. v. Black & Decker Corp*, No. 06cv1572 BTM (CAB), 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007)). Indeed, "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014); *see also Uniloc USA, Inc. v. Exclusive Grp. LLC*, No. 1:17-cv-03962-SEB-MJD, 2018 WL 11229418, at *2 (S.D. Ind. Aug. 29, 2018) ("[T]he Court acknowledges that granting a stay will delay Plaintiffs' case; however, this factor alone is insufficient to show undue prejudice.").

As explained above, this case is in its infancy. The parties have only recently begun document productions and written discovery, no depositions are scheduled and none have occurred. Indeed, the parties have stipulated to extend the deadline for Buffalo to serve its Initial Response to Non-Infringement and Invalidity Contentions (LPR 2.5) until August 4, 2022. *See* D.I. 38. Moreover, final infringement and invalidity contentions will not be due for nearly four months, opening claim construction briefing will not be due for more than six months, and the *Markman* hearing is scheduled—tentatively—to occur almost nine months from now during Spring 2023. *Id.*

The schedule aside, other facts confirm that Buffalo will not be prejudiced at all, let alone unduly prejudiced, by a stay pending resolution of the eligibility challenge. Buffalo does not practice the Asserted Patents and has never sold or offered to sell products that practice the Asserted Patents. D.I. 1, ¶¶ 11-14 (no assertions of injury to Buffalo's business). Nor has Buffalo sought injunctive relief (since the patents have expired), confirming that the entirety of its potential relief is money damages, for which delay cannot be **undue** prejudice. *Trading Techs*, 186 F. Supp. 3d at 878 ("[Plaintiff's] allegations that it will suffer undue prejudice continue to be undermined by its failure to pursue a preliminary injunction and its decision to bring this infringement action six to seven years after the Defendants released their accused technology."); *see also Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 511 (D. Del. 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends."). The damages window and full scope of any potential recovery is set and a stay will not change the requested recovery.

This case is in its infancy, has a closed damages window, and every asserted patent has expired confirming that injunctive relief is not available.[2] This factor favors a stay.

### B. Granting the Stay Will Simplify the Issues.

"[R]esolution of the Motion for Judgment on the Pleadings could . . . at least simplify the issues presented in this action." *Zimmers*, 2016 WL 1322343, at *2. The same is true here. The

---

[2] Nor should the request for permanent injunction in the Prayer for Relief (D.I. 1, at 94) be given any credence. *First*, the patents are expired, and thus such relief is not available. *Second*, Buffalo does not offer any products, much less competing products. "[N]on-practicing status is certainly a factor weighing against injunctive relief, because there is less risk of irreparable harm." *In re Body Sci. LLP Pat. Litig.*, No. 12-10536-FDS, 2012 WL 5449667, at *4 (D. Mass. Nov. 2, 2012). *Third*, Buffalo has repeatedly settled cases at early stages of litigation, making clear that monetary relief is its sole objective.

Motion addresses 80% of the asserted patents and, if granted, would fully resolve Buffalo's allegations as to those patents. D.I. 33. Courts in this district have granted stays in circumstances where there was no guarantee all claims would be disposed of during the stay. *See Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175, 2022 WL 683666, at *3 (N.D. Ill. Mar. 8, 2022) ("[I]t is indisputable that the issues would be simplified if the USPTO cancelled any of Kove's patent claims."); *see also Trading Techs.*, 186 F. Supp. 3d at 875 ("[Plaintiff's] argument that a stay is inappropriate as only some subset of the patents may be subjected to [invalidity proceedings] similarly misses the point. Even if it comes to fruition that only eight or some similar number of patents survive [the invalidity proceedings], the cancellation of the other patents or claims 'could significantly alter this action by clarifying and narrowing the claims and defenses available' to the parties here." (footnote omitted) (citation omitted)).

      The Motion may further simplify the case by removing entire products and product families from the dispute. Indeed, of the twenty-nine products accused of infringing the VOIP Patents, only a handful are also accused of infringing the Display Patent. Morlock Decl. Ex. B (*Compare* Appendix A to Buffalo's Initial Infringement Contentions (Accused VOIP Products), *with* Appendix B to Buffalo's Initial Infringement Contentions (Accused Display Products)). Thus, if the Court rules that the VOIP Patents claim ineligible subject matter, Buffalo's allegations against the majority of the accused products will be resolved without further discovery. Consequently, the Motion has the potential to drastically simplify the case by disposing of multiple legal issues and products for which discovery would otherwise be required. Courts in this district have considered such tremendous case simplification potential as a strong factor favoring a stay. *See Trading Techs.*, 186 F. Supp. 3d at 873 (considering *inter alia*, whether the outcome of the challenge would "encourage settlement," "reduce the complexity and length of the litigation," "facilitate limitation

7

of issues, defenses, and evidence in pre-trial conferences," and whether "[l]itigation costs to the parties and the Court will likely be reduced").

The Motion is highly likely to resolve several issues before the Court, reduce the complexity of the litigation, and simplify the dispute between the parties. This second factor favors a stay.

### C. Granting the Stay Will Avoid Unneeded Burden on the Parties and Court.

"Adjudication of the pending Motion for Judgment on the Pleadings prior to the parties' engaging in discovery concerning the . . . claims at issue and prior to a claim construction hearing could therefore preserve both judicial and counsel's resources." *Zimmers*, 2016 WL 1322343, at *2. Courts in this district have held "[t]o the extent [an invalidity determination] will simplify the legal issues in this case (as discussed above), the court finds it plausible that the decision will simultaneously reduce the burden of the litigation." *Kove*, 2022 WL 683666, at *4.

The Motion may resolve Buffalo's allegations with respect to 80% of the asserted patents and the majority of the accused products. Resolving these issues will substantially narrow the scope and burden of discovery. Further, the parties have not yet expended significant resources on discovery and are approximately nine months away from a *Markman* hearing. D.I. 38. Thus, pausing this case to address a threshold legal question will avoid unneeded burdens on the parties, which correspondingly will limit the burden on the Court of addressing disputes that may arise during discovery.

Accordingly, given the likely reduction of issues and the burden on the Court and parties, the Court should find this third factor favors a stay.

### IV. Conclusion

Motorola respectfully requests the Court stay the present action while it resolves the Motion.

8

| | |
|---|---|
| Dated: July 13, 2022 | Respectfully submitted,<br><br>/s/ Michael T. Morlock<br>Michael R. Weiner<br>Chelsea M. Murray<br>MARSHALL, GERSTEIN & BORUN LLP<br>233 S. Wacker Dr.,<br>Suite 6300<br>Chicago, IL 60606<br>Tel: (312) 474-6300<br>mweiner@marshallip.com<br>cmurray@marshallip.com<br><br>D. Clay Holloway (*Pro Hac Vice*)<br>Michael T. Morlock (*Pro Hac Vice*)<br>Courtney S. Dabbiere (*Pro Hac Vice*)<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree St. NE, Suite 2800<br>Atlanta, GA 30309<br>Tel: (404) 815-6500<br>Fax: (404) 815-6555<br>Holloway, Clay<br>cholloway@kilpatricktownsend.com<br>mmorlock@kilpatricktownsend.com<br>cdabbiere@kilpatricktownsend.com<br><br>Steven D. Moore (*Pro Hac Vice*)<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300<br>smoore@kilpatricktownsend.com<br><br>Kathleen R. Geyer (*Pro Hac Vice*)<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1420 Fifth Avenue Suite 3700<br>Seattle, WA 98101<br>Telephone: (206) 516-3094<br>Facsimile: (206) 299-3458<br>kgeyer@kilpatricktownsend.com<br><br>*Attorneys for Defendant,*<br>*Motorola Mobility LLC* |